# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES M.,**
**Respondent Below, Petitioner**

**vs.)  No. 22-ICA-152** (Fam. Ct. Pleasants Cnty. No. FC-37-2020-D-2)

**SHAYLA S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner James M.[1] appeals the Final Order from August 30, 2022 Hearing entered by the Family Court of Pleasants County on September 6, 2022. James M. asserts that the family court failed to take evidence at the final hearing, failed to make findings of fact regarding the parenting plan, and that the family court judge showed bias. Shayla S. and the guardian ad litem responded in support of the family court's decision. James M. did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. For the reasons expressed below, this case is remanded with directions to the family court to enter a new order with sufficient findings of fact and conclusions of law.

The parties are the parents of one child, now age four. The action in family court was originally instituted by the Department of Health and Human Resources ("DHHR") in order to establish paternity and collect child support. After paternity and child support were established, Shayla S. filed a petition for allocation of custody on March 19, 2021, wherein she requested to be designated the primary residential parent.

A hearing was held on April 27, 2021. From that hearing, the family court entered a temporary order on May 20, 2021, designating Shayla S. as the primary residential parent

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] James M. is represented by Justin M. Raber, Esq., and Shayla S. is represented by John M. Butler, Esq. The Guardian ad Litem is Jeffrey B. Reed, Esq.

1

and giving James M. parenting time every other Friday at 5:00 p.m. through Sunday at 5:00 p.m., in addition to some holiday time and two weeks during summer. Another hearing was held on July 6, 2021, during which the parties were ordered to attend a settlement conference. The parties subsequently filed their parenting plans. Shayla S.'s parenting plan was similar to the "every other weekend" plan adopted in the temporary order. However, James M. requested 50/50 parenting, after originally requesting every other weekend. After several settlement conferences, another hearing was scheduled for February 15, 2022.

At the February 15, 2022, hearing, James M. testified that he underwent a thirty-day treatment for alcoholism in 2016, while in the Marines and that he had not performed equal care of the child but still hoped to get 50/50 parenting time. Shayla S. testified that she had been the child's caretaker since birth and that she separated from James M. because he was an abusive alcoholic. The guardian ad litem, Jeffrey Reed, was appointed on April 5, 2022. A final hearing was scheduled for August 30, 2022.

On May 5, 2022, the family court entered an order delaying the final hearing to allow the guardian ad litem time to investigate and obtain James M.'s 2016 alcoholism treatment records. The court noted that James M.'s alcohol use is a limiting factor and temporarily modified his visitation to be supervised by the paternal grandmother on Saturdays from 1:00 to 5:00 and Sundays from 1:00 to 5:00. James M. was also ordered to submit to random alcohol testing at the Day Report Center.

The final hearing was eventually rescheduled for August 20, 2022. At that hearing, the guardian ad litem stated that he was unable to obtain the father's 2016 alcohol treatment records and made the following recommendations: (1) James M. must continue submitting to random drug screens, (2) James M. must obtain a substance abuse evaluation and follow any recommendations contained therein, and (3) James M. must begin substance abuse counseling.

Despite the guardian ad litem's recommendations, both parties represented to the family court that James M. would not comply with those recommendations. Ultimately, a Final Order was entered on September 6, 2022, wherein father was granted supervised visitation every other Saturday from noon till 6:00 p.m. It is from that order that father now appeals. When reviewing such appeals, we apply the following appellate standard of review:

> "[I]n reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at \*3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

James M. sets forth three assignments of error.[3]

We focus our attention on James M.'s second assignment of error, where he asserts that the family court failed to make findings in accordance with West Virginia Code §§ 48-9-205(c) (2022), 48-9-206 (2022), and 48-9-209 (2022). We find merit in this argument. West Virginia Code § 48-9-206(d) makes it clear that final parenting plan orders must include specific findings of fact.[4] Additionally, West Virginia Code § 48-9-209 provides a non-exclusive list of factors to be considered when making findings. The family court's September 6, 2022, order is devoid of any factual analysis for adopting a parenting plan that provides for an unequal share of parenting time, as required pursuant to the above-cited Code sections. Therefore, as to the second assignment of error, we remand this case to the family court with directions to enter an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.[5] *See Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013) (requiring family court orders to set out specific findings of facts and conclusions of law to facilitate a meaningful appellate review); *see also Jared M. v. Molly A.*, No. 19-0764, 2020 WL 7233165, at \*3 (W. Va. Dec. 7, 2020) (memorandum decision).

---

[3] As his first assignment of error, James M. asserts that the family court erred by failing to take testimonial evidence at the final hearing on August 20, 2022, which he claims is a violation of Rule 20 of the West Virginia Rules of Practice and Procedure for Family Courts. We disagree. Upon review of the transcripts from the February 15, 2022, hearing, the record is clear that the family court had already heard significant testimony. Further, during the August 20, 2022 hearing, the family court judge asked James M. three times on the record if he had evidence to present and James M.'s counsel refused each time.

[4] West Virginia Code § 48-9-206(d) states that, "[t]he court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination."

[5] With regard to James M.'s third assignment of error, he claims that the family court was biased against him throughout the February 15, 2022, and August 30, 2022, hearings. In his brief to this Court, James M. provided snippets from the transcripts. However, upon review of the full record, we see that James M. not only cursed twice but made it clear that he did not intend to follow the guardian ad litem's recommendations. In response, the family court judge was firm in her opinion that James M. had been irresponsible as a father, was in denial of his history with alcohol abuse, and was conducting himself in an inappropriate manner during the hearing. When reviewed in totality, the family court judge did not abuse her discretion.

For the foregoing reasons, we remand this case to the family court with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review. The family court is directed to make specific findings of fact and conclusions of law in accordance with West Virginia Code §§ 48-9-206 and 48-9-209. The final order is hereby converted to a temporary custodial allocation order until the entry of a new final order consistent with this opinion is issued by the family court. The clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with directions.


**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen